IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL GONZALES-COLON,
# 26887-055                                                                          PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:21-cv-75-TSL-FKB

NANCY SCOTT, ET AL.                                                         DEFENDANTS

## REPORT AND RECOMMENDATION

This is a *Bivens*[1] action brought by Michael Gonzales-Colon, a federal prisoner

incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC-Yazoo").

*See* [2], [9], [21].  Gonzales-Colon alleges that Defendants Nancy Scott, Dr. Anthony Chambers,

Clifton Strong, and Dr. Unknown Martiner[2] delayed in providing him adequate medical

treatment.  [21] at 1.  Before the Court is the Motion to Dismiss [34] filed by Defendants Scott,

Chambers, and Strong.  In the motion, Defendants Scott, Chambers, and Strong argue that

Plaintiff failed to exhaust his administrative remedies.  Furthermore, Defendant Chambers

asserts that he is immune from suit based on his employment with the U.S. Public Health

Service.  Gonzales-Colon has filed a Supplement Brief [37], which the Court construes as his

response to the Motion to Dismiss.  Defendants have filed a Response [38] in Opposition to

Plaintiff's Supplement Brief.  Additionally, Defendants have filed affidavits and other competent

evidence in support of their Motion to Dismiss [34] and Response [38].  *See* [34-1], [34-2], and

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 US. 388 (1971).
[2] Summons was returned as unexecuted as to "Dr. Unknown Martiner" on September 28, 2021.  *See* [30].  Plaintiff has not pursued service as to this defendant.  He has, furthermore, failed to pursue service against other unnamed defendants. Accordingly, the undersigned recommends that Plaintiff's claims against Dr. Unknown Martiner and other unnamed defendants be dismissed based on his failure to prosecute.  *See* Fed. R. Civ. P. 41.

[38-1]. Having considered the filings, the undersigned recommends that the Motion to Dismiss [34] be granted.

I.    RELEVANT STANDARDS

Statutory and case law require a prisoner to exhaust administrative remedies, regardless of the relief sought. The relevant portion of 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995 ("PLRA") states, as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000). In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative remedies. *Id.* at 740-741. The United States Supreme Court further explained its position when it held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002)(commenting that federal prisoners suing under *Bivens* must first exhaust administrative remedies); *Jones v. Bock*, 549 U.S. 199 (2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense); *see also Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012)("District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.").

2

Because Defendants have submitted matters outside the pleadings, their motion to dismiss will be characterized as a motion for summary judgment, rather than a motion to dismiss. *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999) (quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 525 U.S. 1054, (1998)). Issues of fact are material if "a resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

II.     DISCUSSION

Plaintiff's initial complaint, filed as a part of a multi-plaintiff prisoner action against Defendants,[3] does not address whether he exhausted his administrative remedies prior to bringing this suit. *See* [2]. His subsequent amended complaints also fail to address exhaustion,

---

[3] The Court severed the claims of twenty-two plaintiffs in the original Civil Action No. 3:21-cv-19-CWR-LGI, and Plaintiff's claims proceeded in this action. *See* [1].

3

but those filings narrowed his claims to allege that Defendants delayed his medical treatment for gall and/or kidney stones, delayed his medical treatment for tuberculosis, and negligently exposed him to the COVID-19 virus.  *See* [9], [21].

Defendants maintain that Plaintiff never initiated the administrative remedy process for his complaints regarding his treatment for tuberculosis or COVID-19.  *See* [34-1] at 3-4.  And they assert that he never resubmitted his complaint regarding medical treatment for his gall and/or kidney stones at the institutional level, even after the regional level rejected his attempt to initiate his complaint at that level and informed him that he must initiate his complaint at the institutional level.  *Id.*  Plaintiff responds that he was never informed of the proper manner in which to file administrative remedy complaints.  [37] at 3.

Plaintiff's failure to exhaust his administrative remedies in the proper manner dooms his claims in this forum.  As stated in *Porter*, "all 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  *Porter*, 534 U.S. at 524.  Plaintiff has failed to meet this standard.  He failed to initiate the grievance process regarding his treatment for tuberculosis and COVID-19, and he failed to resubmit his administrative remedy complaint regarding kidney and/or gall stones at the institutional level after its rejection at the regional level.

Likewise, Plaintiff's argument that he should be excused from the exhaustion requirement because he was "clueless" as to the proper procedures does not save this action.  *See* [37] at 3.  "[C]ourts may *not* deem grievance procedures unavailable merely because an inmate was ignorant of them, so long as the inmate had a fair, reasonable opportunity to apprise himself

4

of the procedures." *Davis v. Fernandez*, 798 F.3d 290, 295 (5th Cir. 2015)(emphasis in original). Gonzales-Colon's August 15, 2018 FCC-Yazoo Intake Screening Form belies his claim of ignorance and demonstrates that he received information regarding the grievance process upon his arrival at the institution. *See* [38-1] at 2; [38-2] at 8.

In any event, Defendant Chambers is entitled to dismissal of this action. As an employee of the U.S. Public Health Service ("PHS"), Chambers is entitled to absolute immunity from suit for harms resulting from the performance of medical or related functions within the scope of his employment. *See* 42 U.S.C. § 233(a); *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) (finding that the immunity provision of 28 U.S.C. § 233(a) "grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct," including *Bivens* actions.); *see also Jenkins v. United States*, 733 F. App'x 218, 219 (5th Cir. 2018)(specifically finding that, as an employee of the PHS, Defendant Chambers should be afforded absolute immunity in a *Bivens* action.)

Accordingly, Defendants are entitled to summary judgment based on Plaintiff's failure to exhaust administrative remedies. Plaintiff's claims should be dismissed without prejudice as to Defendants Scott and Strong, and with prejudice as to Defendant Chambers.

III.    <u>CONCLUSION</u>

For these reasons, the undersigned recommends that Defendant's Motion to Dismiss be granted. The undersigned recommends that Plaintiff's claims against Defendants Scott and Strong be dismissed without prejudice, and that his claims against Defendant Chambers be dismissed with prejudice. Plaintiff's claims against Dr. Unknown Martiner and other unnamed

defendants should be dismissed without prejudice based on his failure to prosecute.  *See* Fed. R. Civ. P. 41.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[4] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 2nd day of August, 2022.

s/ F. Keith Ball                                    .
UNITED STATES MAGISTRATE JUDGE

---

[4] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).